## SÁNCHEZ, RECURRENTE, v. EL REGISTRADOR DE SAN JUAN, SECCIÓN SEGUNDA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 2ª., denegando la inscripción de expediente .de dominio.

No. 415.—Resuelto en junio 12, 1919.

INSCRIPCIÓN DE DOMINIO—IDENTIFICACIÓN DE LA FINCA—ARTÍCULO 63 DEL REGLAMENTO HIPOTECARIO.—A una declaración judicial de dominio que describe la finca urbana objeto de la instancia por sus cuatro colindancias expresando en cuanto a la del este que ''colinda con la carretera que conduce de Bayamón a Comerío,'' no puede imputársele el defecto de no expresarse el nombre de la calle o lugar donde radica el inmueble como exige la regla 3ª. del artículo 63 del Reglamento Hipotecario, y menos cuando se acompañó a la declaración judicial de dominio una certificación de las declaraciones prestadas por los testigos de la información quienes depusieron que la finca radica ''a la salida del pueblo de Comerío.''

INSCRIPCIÓN DE FINCA URBANA—BIENES PRIVATIVOS—BIENES GANANCIALES.—La doctrina contenida en 20 y 25 D. P. R. 148 y 842, en que se trata de agrupación de solares o fincas diversas pertenecientes .a distintos dueños no es de aplicación, pues el solar y casa a que se refiere la nota recurrida no han sido materia de agrupación, cuya inscripción se solicite, sino que son partes físicamente unidas de un solo todo, aunque el solar deba reputarse de la sociedad conyugal y la casa sea de la propiedad exclusiva del esposo. No hay perjuicio alguno para terceros ni para el cumplimiento de la ley en que solar y casa se inscriban bajo una sola finca, pues en la inscripción ha de constar claramente que la casa, del exclusivo dominio del esposo, ha sido levantada sobre solar que por no expresarse el estado del esposo en la fecha de su adquisición está afectado por la presunción de ser bien ganancial, habiendo sido adquirido como lo fué a título oneroso.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Ismael Soldevila.*

El registrador recurrido, Sr. José Marcial López, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por resolución de 9 de agosto de 1918 la Corte de Distrito de San Juan, Sección Primera, declaró justificado a favor de Luis Pío Sánchez, de estado casado, el dominio pleno de un solar y casa; y presentada copia certificada de dicha resolución con otro documento, en el registro de la propie-

dad para su inscripción, el registrador denegó ésta por medio de nota que dice así:

"Inscrito el precedente documento, con vista de otro, en cuanto al solar  *  *  *  con los defectos de no haberse expresado en éste ni en el otro documento, el nombre de la calle o lugar donde radica, como lo preceptúa la regla 3ª. del artículo 63 del Reglamento Hipotecario, ni tampoco el estado que don Luis Pío Sánchez tenía en la fecha en que adquirió dicho solar, de acuerdo con lo establecido por el Hon. Tribunal Supremo en el caso de *Rivera* v. *Registrador de Guayama,* resuelto el 23 de julio de 1918; y denegada la inscripción de la casa, porque habiendo sido construída por don Luis Pío Sánchez con dinero de su propio peculio, según confesión del mismo señor, constituye ella un bien privativo de él, y perteneciendo el solar en que dicha casa enclava a la sociedad conyugal, por haber sido adquirido a título oneroso, no pueden inscribirse ambos cuerpos bajo una sóla finca por ser distinta la personalidad de un cónyuge de la entidad sociedad de gananciales, como lo ha declarado el propio Tribunal Supremo en sentencias de 6 de marzo de 1914 y 16 de noviembre de 1917, tomos 20 y 25 de las Decisiones de Puerto Rico, páginas 148 y 842."

La nota transcrita, que lleva fecha de 20 de marzo de 1919, ha sido recurrida para ante esta Corte Suprema en la parte relativa al defecto subsanable de no constar el nombre de la calle o lugar donde radica el solar, y en cuanto deniega la inscripción de la casa, pues entiende el recurrente Luis Pío Sánchez que procede la inscripción de solar y casa con el defecto de no haberse consignado el estado de Luis Pío Sánchez a la fecha de la adquisición del solar.

Según la certificación de la resolución judicial de agosto 9, 1918 "el solar mide 26 metros 66 centímetros por 18 metros 33 centímetros, equivalentes a 4 áreas, 86.8 centiáreas, y colinda por el norte con terrenos de don Artemio Umpierre, por el sur con los de Filomena Rivera, por el este con la carretera que conduce de Bayamón a Comerío, y por el oeste con Carlos León y Salomón Hernández." Y en el otro documento, que es una certificación de las declaraciones

prestadas por los testigos en el expediente de dominio, consta que casa y solar están situados a la salida del pueblo de Comerío.

El solar y la casa están suficientemente identificados pues radican a la salida del pueblo de Comerío para Bayamón y se expresan sus cuatro colindancias, siendo una de ellas la carretera que conduce de Bayamón a Comerío. La regla 3ª. del artículo 63 del Reglamento para la ejecución de la Ley Hipotecaria ha tenido debido cumplimiento.

Por lo que atañe a la denegatoria de inscripción de la casa carece de sólido fundamento. Las decisiones de esta Corte Suprema invocadas por el registrador, en que se trata de agrupación de solares o fincas diversas pertenecientes a distintos dueños no son de aplicación al presente caso. El solar y casa a que se refiere la nota recurrida no han sido materia de agrupación, cuya inscripción se solicite, sino que son partes físicamente unidas de un solo todo aunque el solar es de reputarse de la sociedad legal constituída por Luis Pío Sánchez y su esposa, y la casa es de la propiedad exclusiva de Luis Pío Sánchez. No hay perjuicio alguno para terceros ni para el cumplimiento de la ley en que solar y casa se inscriban bajo una sola finca, pues en la inscripción ha de constar claramente que la casa, del exclusivo dominio de Luis Pío Sánchez, ha sido levantada sobre solar que por no expresarse el estado de Luis Pío Sánchez en la fecha de su adquisición está afectado por la presunción de ser bien ganancial, habiendo sido adquirido como lo fué a título oneroso.

Nos limitamos a considerar y resolver las cuestiones legales, materia del recurso, sin prestar atención a otras que no han sido levantadas.

Por las razones expuestas es de revocarse la nota recurrida en cuanto al defecto subsanable de no haberse expre

sado el nombre de la calle o lugar donde radica el solar, y en cuanto deniega la inscripción de la casa sobre él edificada.

> *Revocada la nota en cuanto se ha hecho la inscripción del solar con el defecto subsanable de no expresarse el nombre de la calle o lugar donde radica, y en cuanto deniega la inscripción de la casa sobre él edificada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.